Filed 12/5/22 P. v. Robinson CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091744 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F04763) |
| v. | OPINION ON TRANSFER |
| THOMAS ROBINSON, | |
| Defendant and Appellant. | |

On March 20, 1997, a jury found defendant Thomas Robinson guilty of one count of first degree murder (Pen. Code, § 187),[1] five counts of robbery (§ 211), and two counts of attempted robbery (§§ 211/644). The jury also found true a murder special circumstance that defendant had been engaged in robbery (§ 190.2, subd. (a)(17)), had personally used a firearm for seven counts (§ 12022.5, subd. (a)), was armed with a firearm for one count (§ 12022, subd. (a)), and inflicted great bodily injury for one count (§ 12022.7). Defendant also had a prior strike conviction. On April 28, 1997, defendant was sentenced to life without the possibility of parole, plus an additional determinate

---

[1] Undesignated statutory references are to the Penal Code.

1

term of 47 years. We affirmed this judgment in *People v. Robinson* (Dec. 10, 1999, C026595) [nonpub. opn.] (*Robinson*).

On December 2, 2019, defendant filed a petition for resentencing under what is now section 1172.6**2** in light of changes brought about by Senate Bill No. 1437 (2017-2018 Reg. Sess.), which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Defendant's pro. per. form petition for resentencing checked boxes declaring he had been prosecuted and convicted of felony murder and could not now be convicted of either first or second degree murder because of changes made to sections 188 and 189. This petition further declared defendant was not the actual killer and had not acted "with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree." The superior court appointed defense counsel, the prosecutor filed a response and a motion to dismiss the petition, and defense counsel filed a reply.

On February 24, 2020, the trial court dismissed defendant's petition finding him ineligible because a jury unanimously found defendant guilty of "first degree murder and that a Penal Code [section] 190.2[, subdivision ](a)(17) robbery-murder special circumstance was true. . . . As such, the jury necessarily made a true finding, beyond a reasonable doubt, on the actual killer/intent to kill/major participant with reckless indifference requirement now embodied in Penal Code [section] 189[, subdivision ](e)

---

**2** Effective June 20, 2022, section 1170.95 was renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new numbering.

2

itself for felony first degree felony-murder." Defendant contends the trial court erred by relying on the jury's special circumstance finding to deny the petition.

We filed an unpublished opinion on September 9, 2021, affirming the trial court's order. Our Supreme Court granted review of the matter on November 17, 2021, and transferred the case to us with directions to vacate our previous decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Defendant submitted supplemental briefing arguing the case should be remanded to the trial court; the People filed a supplemental briefing agreeing. We will reverse the trial court's order and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On our own motion, we take judicial notice of the opinion deciding defendant's direct appeal to provide basic factual context. (Evid. Code, § 452, subd. (d).)[3] Around midnight on June 8, 1995, defendant and Andrew Crater robbed several victims at gun point at different locations in Sacramento. One robbery took place outside of a music venue where James Pantages had just finished playing with his band. Carter struck one of Pantages' bandmates with a gun and took money from his pocket and defendant shot Pantages in the chest, who died a short while later. (*Robinson, supra*, C026595 [at pp. 3-4].)

At trial, the jury was instructed as follows for the special circumstance finding: "If you find that a defendant was not the actual killer of a human being . . . you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the

---

[3] We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

3

first degree, or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the crime of robbery which resulted in the death of a human being."

## DISCUSSION

The People alleged and the jury found true the robbery-murder special circumstance, which authorizes a sentence of life without the possibility of parole for "a major participant" in a felony murder who acted with "reckless indifference to human life." (§ 190.2, subds. (a)(17) & (d).) These are also the precise facts the prosecution must prove in order to establish guilt under the felony-murder statute as amended by Senate Bill No. 1437.

The People originally argued the jury's special circumstance finding renders defendant ineligible for relief under section 1172.6 as a matter of law. Defendant, supported by case authority, disagreed. He pointed to the Supreme Court's opinions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, issued after the jury's finding and following our review of that finding in the present case. In *Banks* and *Clark* the court construed "major participant" and "reckless indifference to human life" in a manner that differed from earlier constructions of the term.

Following the trial court's decision, however, the Supreme Court issued its decision in *Strong, supra*, 13 Cal.5th 698, which concluded that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437." (*Id*. at p. 710.) In light of *Strong*, the People concede in their supplemental brief reversal and remand is appropriate.

Considering the issue in the context of issue preclusion, the court in *Strong* observed, "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue. Our earlier discussion of habeas corpus petitioners who have obtained relief from their felony-murder special

4

circumstances in the wake of *Banks* and *Clark* [citation] does much to explain why: There are many petitioners with pre-*Banks* and *Clark* felony-murder special-circumstance findings who nevertheless could not be convicted of murder today. Senate Bill [No.] 1437 requires petitioners seeking resentencing to make out a prima facie case that they 'could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (a)(3).) A pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong, supra*, 13 Cal.5th at pp. 717-718.)

The Supreme Court also considered whether "a court may reject a petition at the prima facie stage if it independently examines the record and determines, applying the *Banks* and *Clark* standards, that sufficient evidence supports the earlier findings." (*Strong, supra*, 13 Cal.5th at p. 719.) Noting the differences between pre- and post-*Banks* and *Clark* special circumstance requirements, the Supreme Court observed the changes may "have altered what evidence defense counsel would have sought to introduce . . . might have fundamentally altered trial strategies," and may have affected what jury instructions were requested or given. (*Id.* at p. 719.) "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences. . . . And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Id.* at p. 720, fn. omitted.) Thus, neither "the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis

5

to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, at p. 720.) Nor is there any requirement that a defendant first seek relief from such findings via habeas petition. (*Id.* at p. 714.)

Accordingly, the pre-*Banks/Clark* special circumstance finding in defendant's case does not preclude defendant's eligibility for relief as a matter of law. The trial court's decision is thus no longer supported. There is also no other basis in which to find defendant ineligible as a matter of law. For the murder charge, the jury in defendant's trial was instructed only on felony murder, with robbery as the target crime. Though our prior opinion indicates defendant was the actual killer, this was not necessarily found by the jury nor at issue on defendant's direct appeal. And our prior opinion may be relied on only for its recitation of the "procedural history of the case." (§ 1172.6, subd. (d)(3).) Thus, we must reverse the order denying defendant's petition and direct the trial court to conduct an evidentiary hearing under section 1172.6, subdivision (d).

## DISPOSITION

The trial court's denial of defendant's petition filed under current section 1172.6 is reversed. The matter is remanded for the trial court to issue an order to show cause and conduct further proceedings consistent with section 1172.6, subdivision (d).

 

 

 

                                     _____

                                     HULL, Acting P. J.

 

We concur:

 

 

_____

RENNER, J.

 

 

_____

BOULWARE EURIE, J.